(August 2, 2000)

■ In the Matter of GLENN M. ROCCA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [712 NYS2d 189] —Per Curiam. Respondent was admitted to practice by this Court in 1991. He maintained an office for the practice of law in New Jersey, where he was admitted to practice in 1983.

By order dated May 12, 2000, the Supreme Court of New Jersey permanently disbarred respondent from practice. Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent (see, 22 NYCRR 806.19). Respondent has not replied to the motion.

According to the papers filed by petitioner, respondent and his two law partners entered an oral agreement to buy a one-half interest in a bar business in New Jersey. The agreement allowed two individuals to maintain an interest in the business although they were prohibited from doing so by the New Jersey Division of Alcoholic Beverage Control (ABC) because of the prior Federal criminal conviction of one them. Therefore, respondent and his partners also entered a sham purchase agreement which purported to completely divest the individuals of any interest in the business. Thereafter, respondent and his partners fraudulently concealed the terms of the oral agreement from the New Jersey State police investigating the transfer of the liquor license and from the ABC. Conflicts arose concerning the management of the business, and respondent and his partners were sued to enforce the oral agreement. During the civil proceeding, they lied under oath and suborned perjury. The Judge presiding over the civil proceeding notified the New Jersey attorney disciplinary authorities and the plaintiffs lodged a grievance. The Supreme Court of New Jersey disbarred respondent and one of his partners and imposed a three-year suspension on the third partner.

Under the circumstances presented, we grant petitioner's motion and we conclude that respondent should be reciprocally disbarred.

Mercure, J. P., Peters, Carpinello, Graffeo and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of

another, and he is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.